**UNITED STATES of America**

v.

**Dale DUNBAR.**

**Crim. No. 1:91–CR–124.**

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 25, 1992.

Sheryl Falk, Asst. U.S. Atty., Beaumont, TX, for plaintiff.

Paul Buchanan, Beaumont, TX, for defendant.

### ORDER

COBB, District Judge.

This court held a probation revocation hearing in this case on November 12, 1992.

Based upon the evidence presented at that hearing, the court finds that the defendant's supervised release should be, and is hereby, REVOKED.

The defendant was originally indicted in the United States District Court for the Northern District of Mississippi, Aberdeen Division, on April 13, 1989, together with eight other defendants. Dunbar was charged with conspiracy to possess with intent to distribute the controlled substances of cocaine and marijuana, travel in interstate commerce with intent to distribute the same substances, and with aiding and abetting. He entered a plea of guilty as to Count 2 (interstate travel with intent to distribute, a Class C felony), and was sentenced to fourteen (14) months imprisonment, and, upon release, to three years of supervised release. Upon release, defendant's supervised release was transferred to the Eastern District of Texas, and he resided in Orange County, Texas, within this District.

Alleging numerous violations of the terms of supervised release, the Probation Office in charge of his case filed a petition for revocation, a copy of which is attached.

At the hearing on November 12, 1992, Dunbar entered a plea of "True" to all nine allegations of violations of the terms of release. Dunbar and a sister also testified at the hearing.

The defendant candidly admitted that he has again become addicted to cocaine, assaulted a woman who he picked up in a Louisiana bar after bringing her back to a motel in Orange, Texas, failed to report changes of address, and failed to report to a drug treatment facility as directed by the probation officer. However, the defendant told of attempting to contact a probation officer with the request that he be locked up immediately so that he would not continue his cocaine habit. He also complains that he could not enter a drug abuse treatment center because of the failure of the personnel to process his request in a timely fashion. He seeks out-patient care in lieu of revocation.

The court finds from a preponderance of the evidence that the defendant was in possession of a controlled substance, based upon the probation officer's testimony and the results of drug tests, as well as from his own admissions.

In light of the defendant's many failures to comply with conditions of release, the court finds that there is no reason to believe he would comply with the conditions of another attempt to seek drug abuse care while on further release. 18 U.S.C. § 3583(g) mandates that if the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release, and 18 U.S.C. § 3583(e)(3) provides:

> [E]xcept that a person whose term is revoked under this paragraph may not be required to serve more than 3 years in prison if the offense for which the person was convicted was a Class B felony, or more than 2 years in prison if the offense was a Class C or D felony.

Accordingly, his probation is revoked, and he is sentenced to a term of twenty-four (24) months imprisonment, with credit to be given for the time he has served since he has been in federal custody, and is not given credit for the time he was in custody for state charges.

## APPENDIX

### IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF TEXAS

### BEAUMONT DIVISION

Criminal No. 1:91CR124

[Filed Nov. 25, 1991]

United States of America

v.

Dale Crandall Dunbar

### PETITION ON PROBATION AND SUPERVISED RELEASE

COMES NOW Carolyn F. Guillory, PROBATION OFFICER OF THE COURT, pre-

senting an official report upon the conduct and attitude of Dale Crandall Dunbar who was placed on supervision by the Honorable Glen H. Davidson sitting in the court at Aberdeen, Mississippi, on the 9th day of November, 1989, who fixed the period of supervision at three years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. Prohibited from possessing a firearm or other dangerous weapon.

2. Participate in a program approved by the U.S. Probation Officer for drug abuse, including urinalysis.

2. Participate in a residential drug treatment facility as instructed by the Probation Officer and until discharged by the facility director. (Condition added 9/13/91)

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

Mr. Dunbar has violated the following standard conditions of supervised release.

Condition No. 1—"The defendant shall not commit another Federal, state, or local crime."

DETAILS: On or about November 2, 1991, Dale Dunbar allegedly assaulted Elizabeth LeMae Taylor at the King's Inn motel in Orange, Texas. Class A Assault charges are currently pending in Orange County.

Condition No. 2—"The defendant shall not leave the judicial district without the permission of the Court or probation officer."

DETAILS: As per an affidavit filed with the Orange, Texas, Police Department, on or about November 2, 1991, Dale Dunbar met Elizabeth LeMae Taylor at the Longhorn Club in Vinton, Louisiana. Vinton is located outside of the judicial limits of the Eastern District of Texas. The defendant did not have permission of the Court or the probation officer to leave the judicial district.

Condition No. 3—"The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month."

DETAILS: Initially, Mr. Dunbar was required to report monthly to the U.S. Probation Office. Because of admitted drug use, in office reporting and the submitting of urine specimens were subsequently increased to daily on or about September 3, 1991. Mr. Dunbar has failed to report and submit a urine specimen since on or about September 13, 1991.

Mr. Dunbar has also failed to submit monthly supervision report forms for the months of September and October, 1991.

Fraudulent monthly supervision report forms were submitted by Mr. Dunbar on August 8, 1991, and September 3, 1991. On each of these report forms, Mr. Dunbar listed his residence as the Arthur Square Apartments, 1501 Poole Street, Apartment No. 553, Port Arthur, Texas. Information received from Arthur Square reveals that Mr. Dunbar never lived at said residence.

Condition No. 4—"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."

DETAILS: Mr. Dunbar failed to follow the instructions of the probation officer in that on or about September 6, 1991, and September 11, 1991, he appeared late at the Melton Center drug program and Tejas. He was instructed by the probation officer to contact these agencies and comply with whatever instructions he was given in order to obtain admission to their inpatient programs. He failed to do so and he also failed to call the Melton Center daily after September 6, 1991, to check on available bed space.

Condition No. 7—"The defendant shall notify the probation officer within 72 hours of any change in residence or employment."

DETAILS: On monthly supervision report forms submitted for the months of July and August, 1991, Mr. Dunbar listed his address as the Arthur Square Apartments, 1501 Poole, Apartment No. 553, Port Arthur, Texas. As per information

obtained from Arthur Square Apartments, on or about July 29, 1991, Mr. Dunbar applied for an apartment at Arthur Square for he and his wife, Terra. On that date, he also paid a $150 deposit. Mr. Dunbar and his wife failed to move into the apartment and on August 15, 1991, Mr. Dunbar returned stating that he and his wife broke up. He then requested that he and his friends be given permission to move into the apartment. Because of a bad credit report, his application was denied and his deposit was returned. Mr. Dunbar, to this officer's knowledge, is unmarried. While he reported residence at Arthur Square, information subsequently obtained reveals that he never resided there. Also, during a November 19, 1991, telephone conversation with Vickie Foreman, Mr. Dunbar's sister, she stated that as far as she knew, for well over a month, he was allegedly living with some girl in Orange, Texas.

Condition No. 8—"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician."

DETAILS: Mr. Dunbar admittedly reverted to the use of illegal drugs. He boasted and bragged about this use and a method he discovered to "beat the system". The following positive urine specimens were submitted at the U.S. Probation Office:

9–3–91—Positive for Benzodiazepine, Cocaine and Marijuana
9–4–91—Positive for Benzodiazepine and Cocaine
9–11–91—Positive for Benzodiazepine and Cocaine

Condition No. 12—"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."

DETAILS: On August 1, 1991, the Bridge City Police arrested Mr. Dunbar on two failure to appear warrants (Failure to Carry Driver's License—WR09926 and Speeding 15mph Over—WR09894). In-stead of reporting said arrest during the required seventy-two hour period, Mr. Dunbar reported the arrest on his monthly supervision report dated August 7, 1991.

Special Conditions Violated:

Special Condition No. 2—"You shall participate in a program approved by the U.S. Probation Officer for drug abuse, including urinalysis."

Mr. Dunbar failed to participate in a program approved by the U.S. Probation Office for drug abuse. As per ATAR Beaumont outpatient drug counselor Pat Travis, on May 31, 1991, he refused to submit a urine specimen after having bragged about beating the system on May 29, 1991. She furthermore reported Mr. Dunbar participated in the Beaumont Outpatient Drug Treatment Program from May 23, 1991, to June 25, 1991. He was unsuccessfully discharged from said program for nonattendance and admitted drug use.

Special Condition No. 3—"You shall participate in a residential drug treatment facility as instructed by the probation officer and until discharged by the facility director." (Condition added 9–13–91).

DETAILS: On or about September 6, 1991, Mr. Dunbar was referred to and screened at the Melton Residential Drug Treatment Program. He appeared an hour late for the initial interview and because there were no beds available, he was instructed to call daily for bed check. As per Paul McDaniel, drug counselor, Mr. Dunbar failed to call as instructed.

Additionally, on September 11, 1991, Mr. Dunbar was scheduled to enter the residential drug treatment program at Tejas, Orange, Texas. According to Carla Rogers, drug counselor, Mr. Dunbar was told to report to Tejas before noon. Instead, he reported after 2:00 p.m. and was denied entrance.

PRAYING THAT THE COURT WILL ORDER the issuance of a violator's warrant so that Mr. Dunbar can be returned to court to show cause as to why his term of supervised release should not be revoked.

**430**

### ORDER OF COURT

Considered and ordered this 25 day of November, 1991, and ordered filed and made a part of the records in the above case.

/s/Earl S. Hines

Hon. Earl S. Hines

U.S. District Judge

Respectfully,

/s/Carolyn F. Guillory

Carolyn F. Guillory

Beaumont, Texas

November 22, 1991